ESTATE OF ADRIAN F. SHERMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12400. Promulgated May 29, 1929.

*Wilbur A Giffen, Esq.*, for the petitioner.
*Philip M. Clark, Esq.*, for the respondent.

OPINION.

MARQUETTE: The petitioner claims that the collection of any deficiency is barred by the limitation provisions of the Revenue Act of 1921, section 250 (d), and the Revenue Act of 1924, sections 277 and 278. The taxpayer died after the petition was filed and his legal representative was substituted.

The admitted facts are that taxpayer filed his return for 1918 on March 15, 1919, and paid the tax shown thereon. In March, 1924, an additional assessment was made of $5,638.96, without giving taxpayer the hearing provided by section 250 (d), Revenue Act of 1921; claim for abatement was filed, and no action thereon was taken and no collection attempted, until January 7, 1926. On that date respondent advised taxpayer of the allowance of the claim to the extent of $321.29. These facts being admitted, the issue raised was the bar of the statute, five years having expired since the return was filed. The answer pleaded no new matter.

The case came on for trial on May 16, 1928. Respondent offered an assessment list, and, there being no objection, it was received in evidence. It showed on its first page the Commissioner's signature and the stamped date "March 3, 1924." On the second page

appeared the particular item assessed against the taxpayer and included therein was the expression, "Mar. 21 Spl. 1." No witness was called in respect of this document. The respondent then offered in evidence a document dated March 13, 1924, and entitled "Income and Profits Tax Waiver." There being no objection, this was received in evidence, and is as follows:

TOPEKA, KANSAS, *March 13, 1924.*

In pursuance of the provisions of subdivision (d) of Section 250 of the Revenue Act of 1921, *A. F. Sherman*, of *Gloyd Bldg. Kansas City, Mo.*, and the Commissioner of Internal Revenue, hereby consent to a determination, assessment, and collection of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of the said ———— for the years 1918 ———— under the Revenue Act of 1921, or under prior income, excess-profits, or war-profits tax Acts, or under Section 38 of the Act entitled, "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909. This waiver is in effect from the date it is signed by the taxpayer and will remain in effect for a period of one year after the expiration of the statutory period of limitation as extended by any waivers already on file with the Bureau, within which assessments of taxes may be made for the year or years mentioned.

It bore a signature, "A. F. Sherman," after which appeared the following, "Taxpayer As a Stockholder in Inter Insurers Trust Co., of Kansas which has been awarded Personal Service Classification by the Internal Revenue Dept." It also bore a signature, "D. H. Blair, C. A. D. Commissioner."

Petitioner's attorney then called as a witness the attorney for respondent, who testified that his information was that the document was signed by the Commissioner on May 14, 1928, which was two days before the trial. The auditor for respondent who assisted at the trial was then called by petitioner's attorney and he testified that the document was signed by an authorized agent of the Commissioner on May 14, 1928.

A. F. Sherman died prior to January 23, 1928.

The evidence is insufficient to show that the Commissioner and the taxpayer consented in writing to a later determination, assessment and collection of the tax within the meaning of the statute. See *Greylock Mills* v. *Commissioner*, 31 Fed (2d) 655.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*

SIEFKIN did not participate.